JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7718 PA (SKx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | Tiffani Link v. Metropolitan Life Insurance Company | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

The parties have not filed the Joint Scheduling Report required by Federal Rule of Civil Procedure 26(f), Local Rule 26, and the Court's Order Scheduling Meeting of Counsel and Setting Scheduling Conference, dated November 12, 2024 ("Order Setting Scheduling Conference"). The Order Setting Scheduling Conference warns: "The failure to submit a joint report in advance of the Scheduling Conference or the failure to attend the Scheduling Conference may result in the dismissal of the action, striking the answer and entering a default, and/or the imposition of sanctions." Despite this warning, the parties have not filed their Rule 26(f) Joint Scheduling Report.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 986–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Id. (citing Ferdik, 963 F.2d at 1263).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-7718 PA (SKx) | Date | December 23, 2024 |
|---|---|---|---|
| Title | Tiffani Link v. Metropolitan Life Insurance Company | | |

Here, in assessing the first <u>Henderson</u> factor, the public's interest in expeditious resolution of litigation, will be satisfied by a dismissal. <u>See</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) (citing <u>Yourish</u>, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. <u>See</u> <u>id.</u>

The third <u>Henderson</u> factor also favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," <u>see</u> <u>Pagtalunan</u>, 291 F.3d at 642, unreasonable delay creates a presumption of prejudice, <u>see</u> <u>In re Eisen</u>, 31 F.3d 1447, 1452 (9th Cir. 1994) ; <u>Moore v. Teflon Commc'ns Corp.</u>, 589 F.2d 959, 967–68 (9th Cir. 1978). Moreover, "[w]here a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal." <u>Rollins v. Superior Ct. of Los Angeles</u>, 706 F. Supp. 2d 1008, 1014 (C.D. Cal. 2010) (citing <u>Yourish</u>, 191 F.3d at 991–92). Here, neither the plaintiff nor the defendant offer any excuse for failing to comply with the Court's Order Setting Scheduling Conference.

In considering the fourth and fifth <u>Henderson</u> factors, this Court's Order Setting Scheduling Conference, as noted above, warned the parties that failure to submit a joint report in advance of the Scheduling Conference may result in the dismissal of the action. Despite this warning, the parties failed to submit the required report. While the public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal, <u>see</u> <u>Dreith v. Nu Image, Inc.</u>, 648 F.3d 779, 788 (9th Cir. 2011), it is the plaintiff's responsibility to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics, <u>see</u> <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991). Here, the plaintiff has failed to discharge this responsibility. Additionally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth <u>Henderson</u> factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

As a result of the parties' violation of the Order Setting Scheduling Conference, this action is dismissed without prejudice. <u>See</u> Federal Rule of Civil Procedure 41(b); <u>see also</u> <u>Yourish</u>, 191 F.3d at 986-88; <u>Ferdik</u>, 963 F.2d at 1260. The Scheduling Conference calendared for December 30, 2024, at 10:30 a.m., is vacated.

IT IS SO ORDERED.